## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SAROFIM,** | |
|         Petitioner, | |
|    v. | |
| **ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; MARKWAYNE MULLIN, Secretary of Homeland Security; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; and WILLIAM P. JOYCE, Acting Field Office Director, ICE Enforcement and Removal Operations, Boston Field Office Respondents** | Civil Action No. |

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

## INTRODUCTION

Petitioner, **Mr. Gerges Shady Farag Sarofim**, respectfully petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and seeks emergency injunctive relief challenging his ongoing civil immigration detention.

Petitioner is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Plymouth County Correctional Facility in Plymouth, Massachusetts. He is not serving a criminal sentence. His detention stems from an arrest for operating a motor vehicle with an expired driver's license, after which ICE assumed custody. Petitioner has no disqualifying criminal convictions that render him a danger to the community, and the traffic-related offense that precipitated his arrest is not itself a basis for mandatory immigration detention.

At the time of this filing, Petitioner has an approved Special Immigrant Juvenile ("SIJ") petition. Through that approval, the United States Citizenship and Immigration Services ("USCIS") has already determined that Petitioner qualifies for one of the Immigration and Nationality Act's most significant humanitarian protections. Congress created SIJ status to protect vulnerable immigrant youth who have been abused, abandoned, or neglected, and specifically made SIJ beneficiaries eligible to seek lawful permanent resident status. Petitioner's approved SIJ classification therefore places him in a fundamentally different posture from the ordinary civil immigration detainee.

1

Despite Petitioner's approved SIJ petition, ICE continues to detain him even though removal proceedings have not been commenced before the Executive Office for Immigration Review ("EOIR"). Upon information and belief, no Notice to Appear has been filed with the Immigration Court, no Immigration Judge has acquired jurisdiction over Petitioner's removal proceedings, and Petitioner has not been afforded an opportunity to seek custody redetermination before an Immigration Judge. As a result, Petitioner remains incarcerated without meaningful judicial or administrative review of the legality or necessity of his continued detention.

Petitioner further seeks immediate emergency relief preserving this Court's jurisdiction. ICE routinely transfers immigration detainees among facilities throughout the United States. Absent a temporary restraining order, Respondents may transfer Petitioner outside the District of Massachusetts before this Court has an opportunity to consider the merits of this Petition. Such a transfer would substantially interfere with Petitioner's access to counsel, impair the orderly adjudication of this action, and risk frustrating this Court's ability to grant effective relief.

Accordingly, Petitioner respectfully requests that this Court: (1) issue a temporary restraining order prohibiting Respondents from transferring Petitioner outside the Commonwealth of Massachusetts while this action is pending; (2) order Respondents to show cause why the writ should not issue; (3) determine that Petitioner's continued detention is unlawful; and (4) order Petitioner's immediate release or, alternatively, require Respondents to provide Petitioner with a prompt, individualized custody determination consistent with the requirements of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.

## NATURE OF THE ACTION

1. This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging Petitioner's ongoing civil immigration detention by the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").

2. Petitioner is currently confined at the Plymouth County Correctional Facility in Plymouth, Massachusetts, pursuant to ICE custody. He is not serving a criminal sentence and is detained solely for civil immigration purposes.

3. Petitioner has been approved for classification as a Special Immigrant Juvenile ("SIJ") under section 101(a)(27)(J) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(27)(J). USCIS's approval reflects a determination that Petitioner satisfies the statutory requirements established by Congress for one of the INA's humanitarian forms of immigration relief and is eligible to pursue adjustment of status to that of a lawful permanent resident, subject to visa availability and the remaining statutory requirements.

4. Despite Petitioner's approved SIJ classification, ICE continues to detain him following his arrest by local law enforcement for operating a motor vehicle with an expired driver's license. The offense giving rise to Petitioner's arrest is not itself a removable criminal offense, nor does it involve allegations that Petitioner presents a danger to the community.

5. Upon information and belief, Respondents have not commenced removal proceedings before the Executive Office for Immigration Review ("EOIR") by filing a Notice to Appear with the Immigration Court. Consequently, no Immigration Judge has acquired

2

jurisdiction over Petitioner's removal proceedings, and Petitioner has not been afforded an opportunity to seek custody redetermination before an Immigration Judge.

6. Petitioner's continued detention under these circumstances violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment because he remains incarcerated without meaningful administrative or judicial review of the legality or necessity of his continued detention.

7. Petitioner also seeks emergency equitable relief preserving the status quo during the pendency of this action. ICE possesses broad authority to transfer immigration detainees between detention facilities throughout the United States. Absent immediate intervention by this Court, Petitioner faces a substantial risk of transfer outside the District of Massachusetts before this Court can adjudicate his claims. Such a transfer would significantly impair Petitioner's access to counsel, complicate the orderly resolution of this litigation, and threaten the Court's ability to provide effective relief.

8. Petitioner therefore seeks: (a) a temporary restraining order and preliminary injunction prohibiting Respondents from transferring him outside the Commonwealth of Massachusetts while this action is pending; (b) a declaration that his continued detention is unlawful; (c) an order directing his immediate release or, in the alternative, requiring Respondents to provide a prompt and constitutionally adequate individualized custody determination; and (d) such other relief as the Court deems just and proper.

## III. THE PARTIES

9. **Petitioner Mr. Gerges Shady Farag Sarofim** is a native and citizen of **Egypt**. He is presently detained by U.S. Immigration and Customs Enforcement at the Plymouth County Correctional Facility in Plymouth, Massachusetts.

10. Petitioner has been approved for classification as a Special Immigrant Juvenile pursuant to section 101(a)(27)(J) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(27)(J), and remains eligible to pursue lawful permanent resident status subject to the requirements of the Act.

11. Respondent **Superintendent of the Plymouth County Correctional Facility** is the immediate custodian of Petitioner and is sued in his official capacity.

12. Respondent **Field Office Director, Boston Field Office, U.S. Immigration and Customs Enforcement**, is responsible for Petitioner's immigration detention and custody determinations within the Commonwealth of Massachusetts and is sued in his official capacity.

13. Respondent **Todd M. Lyons**, Acting Director of U.S. Immigration and Customs Enforcement, is responsible for the administration of ICE and the detention policies challenged herein and is sued in his official capacity.

## IV. STATEMENT OF FACTS

### A. Petitioner's Immigration History

14. Petitioner, **Mr. Gerges Shady Farag Sarofim**, is a native and citizen of **Egypt**.

15. Petitioner entered the United States on or about **09/01/2024.**

3

16. On or about **08/01/2024**, a state juvenile court entered findings that Petitioner had been abused, neglected, and/or abandoned within the meaning of section 101(a)(27)(J) of the Immigration and Nationality Act and that it would not be in Petitioner's best interest to return to his country of nationality.

17. Based upon those findings, Petitioner filed a Petition for Amerasian, Widow(er), or Special Immigrant (Form I-360) seeking classification as a Special Immigrant Juvenile.

18. On February 19, 2025, United States Citizenship and Immigration Services ("USCIS") approved Petitioner's Form I-360, determining that Petitioner satisfied the statutory requirements for classification as a Special Immigrant Juvenile pursuant to section 101(a)(27)(J) of the Immigration and Nationality Act.

19. Although Petitioner's immigrant visa is not presently available, and he therefore cannot yet apply for adjustment of status, Congress has recognized SIJ beneficiaries as a protected humanitarian class eligible to seek lawful permanent residence when an immigrant visa becomes available.

20. Following approval of Petitioner's SIJ petition, USCIS granted Petitioner deferred action pursuant to its policy governing approved Special Immigrant Juvenile beneficiaries.

21. As a result of that grant of deferred action, DHS affirmatively exercised prosecutorial discretion in Petitioner's favor, determining that deferred action was appropriate in light of Petitioner's approved SIJ classification and humanitarian circumstances.

22. Petitioner thereafter became eligible for employment authorization based upon that grant of deferred action.

23. At no time did USCIS determine that Petitioner presented a danger to public safety or that deferred action should be withheld as a matter of discretion.

## B. Petitioner's Arrest and Transfer to ICE Custody

24. On or about 07/23/2026, Petitioner was stopped by local law enforcement while operating a motor vehicle on or around Haverhill, MA.

25. The stop resulted in allegations that Petitioner had been operating a motor vehicle with an expired driver's license.

26. Petitioner was arrested by local law enforcement authorities.

27. Following his arrest and release from custody, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE").

28. Petitioner is presently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts.

29. Petitioner is not serving any criminal sentence. His present confinement is solely the result of civil immigration detention.

30. Upon information and belief, Petitioner's arrest did not involve allegations of violence, controlled substances, firearms, fraud, or any offense suggesting that he presents a danger to the community.

31. Upon information and belief, Respondents have not alleged that Petitioner poses a threat to public safety.

## C. Absence of Pending Removal Proceedings

4

32. Although ICE has taken Petitioner into custody, removal proceedings have not yet been commenced before the Executive Office for Immigration Review ("EOIR").

33. Upon information and belief, no Notice to Appear has been filed with the Immigration Court.

34. Accordingly, no Immigration Judge has acquired jurisdiction over Petitioner's removal proceedings.

35. Because no Immigration Judge presently has jurisdiction over Petitioner's case, Petitioner has not had an opportunity to request a custody redetermination hearing before the Immigration Court.

36. Petitioner therefore remains detained without access to the ordinary administrative process through which immigration detainees may seek review of their continued custody.

## D. Extraordinary Equities Favoring Release

37. Petitioner's approved SIJ classification reflects Congress's determination that certain vulnerable immigrant children who have been abused, neglected, or abandoned merit humanitarian protection under the Immigration and Nationality Act.

38. USCIS has already determined that Petitioner satisfies the statutory requirements for that humanitarian classification.

39. Petitioner's continued civil detention frustrates the humanitarian purposes underlying the Special Immigrant Juvenile provisions of the Immigration and Nationality Act.

40. Petitioner has significant ties to the community in the United States.

41. Petitioner is prepared to comply with any reasonable conditions of release that this Court or the Department of Homeland Security may impose.

## E. Imminent Risk of Transfer

42. ICE routinely transfers immigration detainees among detention facilities throughout the United States for administrative reasons unrelated to the merits of their immigration cases.

43. Petitioner remains subject to transfer at any time without advance notice to counsel.

44. Transfer outside the Commonwealth of Massachusetts would substantially impair Petitioner's ability to communicate with counsel, prepare his case, and obtain prompt judicial review of the legality of his detention.

45. Such a transfer would also burden the efficient resolution of this action and risk interfering with this Court's ability to afford meaningful relief.

46. Absent immediate intervention, Petitioner faces a substantial risk of suffering irreparable harm before the Court has an opportunity to adjudicate the merits of this Petition.

## V. CLAIMS FOR RELIEF

### COUNT I

**Petitioner's Continued Detention Violates the Due Process Clause of the Fifth Amendment**

5

47. Petitioner incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

48. Immigration detention is civil, not criminal, in nature. Accordingly, the Fifth Amendment prohibits the federal government from depriving any person of liberty without due process of law.

49. The Supreme Court has long recognized that civil immigration detention is constitutionally permissible only insofar as it bears a reasonable relationship to the governmental purposes that justify such detention.

50. Petitioner is presently confined solely pursuant to ICE's civil immigration detention authority.

51. At the time this Petition was filed, Petitioner had not received a meaningful opportunity to challenge the legality or necessity of his continued detention before a neutral decisionmaker.

52. Upon information and belief, no Immigration Judge has acquired jurisdiction over Petitioner's removal proceedings because no Notice to Appear has been filed with the Executive Office for Immigration Review.

53. As a result, Petitioner remains incarcerated without access to the ordinary administrative custody review process available in pending removal proceedings.

54. Petitioner's continued detention is particularly significant because USCIS has already approved his classification as a Special Immigrant Juvenile, reflecting a federal determination that he satisfies the statutory criteria established by Congress for that humanitarian classification.

55. Petitioner has not been convicted of a serious criminal offense suggesting that he presents a danger to the community, and the conduct that resulted in his transfer to ICE custody involved a traffic-related licensing offense.

56. Under these circumstances, Petitioner's continued detention without meaningful procedural safeguards violates the Due Process Clause of the Fifth Amendment.

57. Unless restrained by this Court, Respondents will continue to deprive Petitioner of his liberty in violation of the Constitution.

## **COUNT II**

### **Petitioner Is Entitled to Temporary and Preliminary Injunctive Relief to Preserve the Court's Jurisdiction and Prevent Irreparable Harm**

58. 62.Petitioner incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

59. Petitioner seeks temporary and preliminary injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure to preserve the status quo while this Court adjudicates the merits of his Petition.

60. ICE possesses broad authority to transfer individuals in its custody among detention facilities throughout the United States, often without advance notice to detainees or their counsel.

61. Petitioner remains subject to transfer at any time during the pendency of these proceedings.

62. If Petitioner is transferred outside the Commonwealth of Massachusetts before this Court has an opportunity to rule on the pending Petition, he will suffer immediate and irreparable harm.

63. Transfer would substantially interfere with Petitioner's ability to communicate with counsel, assist in the preparation of his case, and obtain prompt judicial review of the legality of his detention.

64. Transfer would also unnecessarily complicate this litigation, burden the parties, and impede this Court's ability to provide timely and effective relief.

65. The balance of equities strongly favors preserving Petitioner's present location while this action is pending. Maintaining Petitioner within the Commonwealth of Massachusetts imposes little or no burden upon Respondents, whereas transfer would substantially prejudice Petitioner's constitutional and statutory interests.

66. The public interest is served by preserving meaningful access to the courts, ensuring orderly judicial review of executive detention, and maintaining the status quo pending resolution of this action.

67. Petitioner has demonstrated a substantial likelihood of success on the merits of his claims, or at a minimum has raised serious constitutional questions warranting preservation of the status quo until those claims can be fully adjudicated.

68. Absent immediate injunctive relief, Petitioner faces a substantial risk of irreparable injury before this Court can consider the merits of his habeas petition.

69. Accordingly, temporary and preliminary injunctive relief is necessary to preserve this Court's jurisdiction and ensure that meaningful judicial review remains available.

## **COUNT III**

### **Continued Civil Detention Without Meaningful Procedural Safeguards Violates the Immigration and Nationality Act and the Fifth Amendment**

70. Petitioner realleges and incorporates by reference paragraphs 1 through 69 as though fully set forth herein.

71. The Immigration and Nationality Act authorizes the detention of noncitizens only in accordance with the procedures and limitations established by Congress and consistent with the requirements of the Constitution.

72. Immigration detention is civil in nature and may not become arbitrary, punitive, or excessive in relation to its legitimate governmental purposes.

73. Petitioner has remained in ICE custody without receiving a meaningful opportunity to challenge the necessity of his continued detention before a neutral adjudicator.

74. Upon information and belief, no Immigration Judge presently has jurisdiction over Petitioner's removal proceedings because no Notice to Appear has been filed with the Executive Office for Immigration Review.

75. As a result, Petitioner has been deprived of any meaningful administrative mechanism through which he may seek review of his continued detention.

76. Petitioner's detention is particularly compelling because USCIS has already approved his classification as a Special Immigrant Juvenile under section 101(a)(27)(J) of the Immigration and Nationality Act after determining that he satisfied the statutory requirements established by Congress for that humanitarian protection.

77. Although Petitioner's priority date is not currently available for adjustment of status, Congress has expressly recognized SIJ beneficiaries as a protected humanitarian class eligible to seek lawful permanent residence upon visa availability.

78. Respondents' continued detention of Petitioner, without providing a meaningful opportunity to obtain review of the necessity of that detention, bears no reasonable relationship to the purposes of civil immigration detention and deprives Petitioner of liberty without due process of law.

79. Unless restrained by this Court, Respondents will continue to detain Petitioner unlawfully, causing ongoing and irreparable deprivation of his liberty.

## **CONCLUSION**

**WHEREFORE**, Petitioner respectfully requests that this Court:

a. Issue a Temporary Restraining Order immediately upon filing of this Petition;

b. Enjoin Respondents, their officers, employees, contractors, agents, and all persons acting in concert with them from transferring Petitioner outside the Commonwealth of Massachusetts pending further order of this Court;

c. Require Respondents to provide Petitioner's counsel with reasonable advance notice of any proposed transfer or change in Petitioner's custodial location;

d. Set an expedited hearing on Petitioner's request for preliminary injunctive relief; and

e. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Justin Scott Kadich

**Justin Kadich, Esq.**
Counsel for Petitioner
934 S George Mason Dr., Arlington, VA 22204
(571) 473.7048
justinkadich80@gmail.com

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 27, 2026, a true and correct copy of the foregoing was served on counsel for Respondents via the Court's CM/ECF system.


Dated: July 27, 2026


/s/ Justin Scott Kadich

Justin Scott Kadich

Counsel for Petitioner